JOHN A. CONKEY & Co. *v.* UNITED STATES (No. 2925[1])

United States Court of Customs Appeals, May 7, 1928

*Waterhouse & Lockett* (*William E. Waterhouse* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[Oral argument February 8, 1928, by Mr. Lockett and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court. The merchandise involved consists of frozen lamb imported from the Argentine. It was assessed for duty by the collector at 4 cents per pound as fresh lamb under the provisions therefor in paragraph 702 of the Tariff Act of 1922.

The paragraph reads as follows:

PAR. 702. Sheep and goats, $2 per head; fresh mutton and goat meat, 2½ cents per pound; fresh lamb, 4 cents per pound.

The importers contend that the merchandise is dutiable at 20 per centum ad valorem as "meats, * * * prepared or preserved, not specially provided for," under paragraph 706, either directly or by similitude.

[1] T. D. 42766.

This court, in the case of *United States* v. *Conkey & Co.*, 12 Ct. Cust. Appls. 552, T. D. 40783, disposed of the precise issues involved in the case at bar. The decision in that case is concisely stated in the head notes, which read as follows:

It is the common acceptance of the word *"preserved,"* when applied to meat, that it has been so processed that its preservation is of permanent character. This court, and other courts, have frequently held that articles of importation, referred to in the tariff statutes as preserved, have had something more done to them to preserve them than merely to arrest change and decomposition while in transit. So frozen meat is not "preserved" within the meaning of that term in paragraph 706, Tariff Act of 1922.

\*     \*     \*     \*     \*     \*     \*

When used in the tariff acts, the word "prepared" is sometimes used synonymously with preserved, but, in a general sense, it implies that the fresh or raw material has undergone certain mechanical changes, such as cutting, slicing, grinding, mashing, mixing, etc., and usually implies that it has been advanced toward the condition in which it is used, and frequently such preparation either aids or accomplishes preservation. Frozen meat can not be regarded as "prepared," within the meaning of that word in paragraph 706, Tariff Act of 1922.

\*     \*     \*     \*     \*     \*     \*

The doctrine of similitude can be evoked only for nonenumerated articles. For similitude to apply, the articles must not be of identically the same, but of substantially similar, material, use, or texture.

\*     \*     \*     \*     \*     \*     \*

Frozen meat, being shown to be different, actually and commercially, from fresh meat, is not so classifiable directly; but, being shown to be similar in material, qualities, and use, is so classifiable by virtue of the similitude paragraph, 1460, of the Act of 1922. Frozen lambs are dutiable by similitude, as "fresh lamb," under paragraph 702, rather than as "Meats, fresh, prepared, or preserved," under paragraph 706, or nonenumerated under paragraph 1459.

The court below overruled the protests upon the authority of the decision in the *Conkey* case, *supra;* and, with reference to the record in the case at bar, said:

We can distinguish no difference in the record made in the case now before us unless the protest may be interpreted as claiming that the commodity here in question is prepared or preserved meat by virtue of having been commercially designated in the trade as such. We do not think, however, the plaintiff has complied with the requirements to establish commercial designation with reference to this commodity.

We quote from the brief of importers:

The issue is identical with that in *United States* v. *Conkey*, 12 Ct. Cust. Appls. 552. We seek the review of that decision on the new record.

\*     \*     \*     \*     \*     \*     \*

It is true that we have not established that frozen lamb is bought and sold commercially under the name "preserved" lamb or "prepared" meat. The reason is obvious. Neither term is a trade designation. Both are descriptive of a broad, general class. The fact is that none of the staple preserved meats is ever so designated in ordinary trade, perhaps from a popular prejudice against the term.

The record in this case consists of the record in the *Conkey* case *supra*, together with additional testimony.

Counsel for importers claim that the record now before us conclusively establishes that—

Freezing is an important and efficient modern method of preservation. Frozen lamb is preserved meat in fact, in commerce, in common parlance, and in law.

We have read the record with care, and have given consideration to the various claims made by counsel. We find nothing in the record which, in our opinion, justifies modification of the views expressed by the court in the *Conkey* case, *supra*. Upon the authority of that decision the judgment is *affirmed*.